# Daniel G. Jarcho

ATTORNEY AT LAW


September 11, 2026

Clifton Cislak
Clerk
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Supplemental Authorities in *In Re Media and Democracy Project* (D.C. Cir. No. 26-1183)**

Dear Mr. Cislak:

The following supplemental authorities concern the mandamus petition filed July 14, 2026. They support the arguments — in the petition and supporting amicus brief — that the FCC is evading judicial review by having Media Bureau subordinates decide the merits of the disputed licensing issues and refusing to issue a full-Commission final order. Pet. 28-29; Am. Br. 1-9.

*First*, in *ABC v. FCC*, 1:26-cv-2902 (D.D.C.), the FCC recently refuted the same disparate treatment argument pressed in the pending mandamus petition, by asserting that the Media Bureau correctly decided the merits of the Fox licensing issues (based upon a fulsome record). Ex. A 31-33; Pet. 16-20. Given its publicly-pronounced position that the Media Bureau decision was correct and justified by a well-developed record, the agency cannot legitimately refuse to memorialize that position in a full-Commission final order. And the Commission has no excuse for waiting to draft an accompanying opinion. The Commission can issue the order "without specifying any reasons therefor." 47 U.S.C. § 155(c)(5).

*Second*, in *Brown v. FCC*, 26-1785 (4th Cir. Aug. 25, 2026), the Fourth Circuit addressed concerns that the agency was dictating substantive policy through a Media Bureau decision while circumventing judicial review through inaction by the full Commission. The Court ruled that there was a constructive final order subject to judicial review. Ex. B. Judge Wynn's concurrence characterized the FCC's approach as "jurisdictional gamesmanship"


6106 Harvard Avenue, Unit 126 · Glen Echo, MD 20812 daniel.jarcho@gmail.com · (771) 241-9634

that would "give agencies the unfettered ability to avoid judicial review." Ex. B 31, 33-34. Dissenting, Judge Wilkinson disagreed on finality but shared the "reasonable concern" that the agency could attempt to "evade review of an unlawful decision" by "never act[ing] on an application for review." Ex. B 48. Judge Wilkinson's answer to that problem was a mandamus petition like the one here. *Id*.

The Supreme Court later stayed the Fourth Circuit's decision, ruling preliminarily that there was no judicially-reviewable final order. Ex. C. The Court did not address the foregoing gamesmanship concerns but explained that the full Commission has a mandatory duty to "resolve every application [for review] it receives." Ex. C 3. Petitioner requests this Court to enforce that duty through mandamus.

Sincerely,

Daniel G. Jarcho
Counsel for Petitioner

cc: counsel of record (via CM/ECF)
Matthew DelNero